IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SALVATORE DANI, <br><br> Plaintiffs, <br><br> v. <br><br> ZWICKER & ASSOCIATES, P.C., *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 1:25-cv-16286-KMW-SAK <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

**THIS MATTER** comes before the Court by way of the motion filed by *pro se* plaintiff Salvatore Dani ("Plaintiff"), seeking the entry of default judgment against defendant Zwicker & Associates, P.C. ("Zwicker") pursuant to Federal Rule of Civil Procedure 55; and

**WHEREAS** Plaintiff initiated this action on October 6, 2026, alleging violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act (ECF No. 1); and

**WHEREAS** Plaintiff thereafter filed a certification stating that he personally sent copies of the complaint and summons to Zwicker via certified mail on October 20, 2025 (ECF No. 5); and

**WHEREAS** counsel for Zwicker entered his appearance in this matter on November 4, 2025 (ECF No. 6); and

**WHEREAS** on November 26, 2026, the Clerk of Court, at Plaintiff's request, entered default against Zwicker under Rule 55(a) for failing to plead or otherwise respond to the complaint (ECF No. 12); and

**WHEREAS** on December 3, 2025, Plaintiff filed the instant motion for default judgment pursuant to Rule 55(b) (ECF No. 16); and

**WHEREAS** the Court has considered Plaintiff's motion (ECF No. 16), Zwicker's opposition thereto (ECF No. 18), and Plaintiff's reply (ECF No. 20); and

**THE COURT FINDS** that Plaintiff did not properly effect service of process before the Clerk of Court entered default against Zwicker[1]; and

**THE COURT FURTHER FINDS** that Zwicker did not waive its objection to insufficient service of process before the entry of default[2];

Accordingly, **IT IS** this **15th** day of **July 2026** hereby

**ORDERED** as follows:

A. Plaintiff's motion for default judgment (ECF No. 16) is **DENIED**;

B. The Clerk of Court's November 26, 2025 entry of default against Zwicker is **VACATED**.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[1] Neither the Federal Rules of Civil Procedure nor the New Jersey Court Rules authorize a plaintiff to personally effect service of process. *See Denis v. Nationstar Mortg. LLC*, No. 2:25-cv-13553, 2026 WL 92879, at *6–*7 (D.N.J. Jan. 13, 2026) (discussing Fed. R. Civ. P. 4(c) and N.J. Ct. Rule 4:4-3(a)). That prohibition applies regardless of the method attempted, including service by certified mail. *See Fominyam v. Borgen*, No. 16-cv-411, 2017 WL 1243139, at *2 (D.N.J. Jan. 20, 2017) (quoting *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.").

[2] Plaintiff alternatively argues that counsel's appearance on Zwicker's behalf—coupled with Zwicker's "actual knowledge of this lawsuit" before the entry of default—constituted a waiver of any service-based objections. Pl.'s Reply Br. at 2. This argument is meritless. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that [it] has been sued does not cure defective service, and an [attorney] appearance . . . does not waive the technicalities of the rule governing service.").